UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TAYLOR, <br><br> Petitioner, <br><br> v. <br><br> RON DAVIS, <br><br> Respondent. | Case No. EDCV 17-740 CAS(JC) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

**I.  SUMMARY**

On April 18, 2017, petitioner Raymond Taylor ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with multiple attached exhibits. The Current Federal Petition challenges petitioner's conviction in Riverside County Superior Court Case No. RIF138848 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain, and in fact has been denied the requisite authorization from the Court of Appeals to file a successive petition.

## II. PROCEDURAL HISTORY[1]

### A. The State Case

On January 22, 2009, a Riverside County Superior Court jury found petitioner guilty of attempted murder, assault with a firearm and possession of a firearm by a felon. The jury also found true allegations that in the course of committing one or more of the foregoing crimes petitioner personally and intentionally used a handgun and/or discharged a firearm causing great bodily injury to another/the victim.[2]

On March 6, 2009, the trial court found that petitioner had suffered several prior convictions and sentenced petitioner to a total of 42 years to life in state prison. On June 28, 2010, the California Court of Appeal affirmed the judgment, but remanded the case with directions to correct a sentencing error. On remand, the trial court re-sentenced petitioner to a total of 41 years to life in state prison. Petitioner did not seek further direct review.

Petitioner thereafter sought, and was denied habeas relief in Riverside County Superior Court, the California Court of Appeal and the California Supreme Court.

///

///

---

[1] The facts and procedural history set forth in this section are derived from the Current Federal Petition and dockets/court records in the following cases in the Central District of California and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), of which this Court takes judicial notice: (1) Central District of California Case No. EDCV 12-818 MMM(JC) ("First Federal Petition" or "First Federal Action"); (2) Ninth Circuit Case No. 13-56364 ("First Ninth Circuit Action"); (3) Ninth Circuit Case No. 15-56206 ("Second Ninth Circuit Action"); and (4) Ninth Circuit Case No. 16-72388 ("Third Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[2] The jury did not find true the allegation that the attempted murder was committed willfully, deliberately and with premeditation.

**B.     Prior Federal Actions**

On May 21, 2012, petitioner filed the First Federal Petition in the First Federal Action in which petitioner challenged the judgment in the State Case on the following grounds: (1) the evidence presented at trial was insufficient to support his convictions; and (2) petitioner's appellate counsel rendered ineffective assistance by not raising an insufficiency of the evidence claim on direct review. On June 14, 2013, the previously assigned District Judge accepted the United States Magistrate Judge's Report and Recommendation recommending denial of the First Federal Petition on the merits and dismissal with prejudice. On June 19, 2013, judgment was enter denying the First Federal Petition and dismissing the First Federal Action with prejudice. On August 15, 2014, in the First Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

On December 3, 2014, petitioner filed a Motion for Relief from Final Judgment in the First Federal Action. On May 29, 2015, the previously assigned District Judge denied such motion without prejudice for lack of jurisdiction and referred it to the Ninth Circuit for consideration as an application to file a second or successive petition pursuant to Ninth Circuit Rule 22-3(a).[3] On October 29, 2015, in the Second Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

On January 23, 2017, in the Third Ninth Circuit Action, the Ninth Circuit denied petitioner's application to file a second or successive habeas corpus petition, noting that such application only raised claims that had previously been presented in the First Federal Petition.

---

[3] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

1  **C.  Current Federal Petition**

As noted above, on April 18, 2017, petitioner filed the Current Federal Petition. The Current Federal Petition again challenges the judgment in the State Case on the following grounds: (1) the evidence presented at trial was insufficient to support his convictions; and (2) petitioner's appellate counsel rendered ineffective assistance by not raising an insufficiency of the evidence claim on direct review. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court and indeed, affirmatively reflects that he has already been denied such leave.[4]

## III.  DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C.

---

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

The First Federal Petition in the First Federal Action was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

///

///

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

IT IS SO ORDERED.

DATED: April 25, 2017

_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE